DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rafael Escalante Placencia, aka, | ) | |
| Rafael Mendoza Escalante, | ) | |
| | ) | |
| | ) | Civil Action No. 5:13-cv-01795-DCN-KDW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Rafael Escalante Placencia, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On October 9, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. Petitioner filed a response in opposition to Respondent's motion on January 13, 2014. ECF No. 34. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED.

I.     Factual Background

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2005, Petitioner was indicted in the July term of the Greenville County Grand Jury for leaving the scene of an accident with death, reckless

homicide, and escape. App. 230-39.[1]  On October 9-10, 2006, a jury trial was conducted before the Honorable John C. Hayes, in Greenville, South Carolina. App. 1-161. Attorney Richard Warder represented Petitioner, and Assistant Solicitor Sara Lee Drawdy represented the State. App. 1.  Prior to the start of the trial, Petitioner entered a guilty plea to the reckless homicide charge. App. 11-18.[2]  At the conclusion of the trial Petitioner was convicted of leaving the scene of an accident with death and was sentenced to 25 years imprisonment on this charge, and 10 years imprisonment on the homicide charge, to run concurrent.  App. 154-161.

II.    Procedural History

Trial counsel timely filed and served the Notice of Appeal.  Petitioner filed his Final *Anders* Brief of Appellant on January 8, 2008. ECF No. 23-3. Petitioner filed a pro se Brief of Appellant on March 5, 2008.  ECF No. 23-4.  On December 18, 2008, the South Carolina Court of Appeals issued an order dismissing the appeal.  ECF No. 23-5.  The Remittitur was issued on January 5, 2009.  ECF No. 23-6.  On March 20, 2009, Petitioner filed an Application seeking post-conviction relief ("PCR") arguing (a) ineffective assistance of counsel, and (b) denial of 6th and 14th amendments. App. 162-188. The State filed its Return on May 12, 2009, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel claim.  App. 191-194.  On August 27, 2010, an evidentiary hearing was conducted before the Honorable D. Garrison Hill in Greenville, South Carolina.  App. 196.  Petitioner was represented by Caroline M. Horlbeck, Esq., while the State was represented by Assistant Attorney General Karen C. Ratigan.  *Id.* Petitioner and his former trial counsel, Richard Warder, testified at the hearing.  App. 198-220.

---

[1] Citations to "App." refer to the Appendix to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 23-1, 23-2 in this habeas matter.

[2] Petitioner's escape charge was severed from the leaving the scene of an accident with death and reckless homicide charges.  App. 7-11.

On October 5, 2010, the PCR court issued an Order denying Petitioner's grounds for relief and

making the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel.  In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated he only had two (2) meetings with counsel before trial. The Applicant stated he and counsel discussed both his version of events and the discovery materials (which included witness statements and police reports). The Applicant stated he wanted to plead guilty to both the reckless homicide and leaving the scene of an accident charges. The Applicant stated trial counsel "sprung" it on him that he would plead guilty to one charge and have a jury trial on the other. The Applicant testified he ended up going to trial because he thought he would be found not guilty. The Applicant testified he asked counsel's investigator to interview witnesses but that he never reviewed potential witnesses with counsel. The Applicant testified trial counsel should have objected to jurors 56 and 202 because they had relatives who were attorneys. The Applicant testified

counsel's opening statement hurt his case because he admitted the Applicant left the scene. The Applicant testified counsel failed to explain to the jury that he only left the scene in order to get help.

Trial counsel testified he had several meetings with the Applicant. Trial counsel testified they reviewed the discovery materials and the impact the eyewitnesses' statements would have upon their case. Trial counsel testified he contacted several witnesses but that they were not helpful to the defense case. Trial counsel testified he explained this to the Applicant. Trial counsel testified he attempted to obtain a plea recommendation from the State but was unsuccessful. Trial counsel stated that, if the Applicant pled guilty to all the charges, the State said they would seek the maximum possible sentence. Trial counsel stated the Applicant knew his case was going to trial that day. Trial counsel stated his theory of the case at trial involved the definition of the accident scene and arguing the Applicant was found close to the accident. Trial counsel stated there was no reason to strike jurors 56 and 202. Trial counsel stated he admitted during his closing argument that the Applicant left the immediate scene of the accident because it was part of their theory that he left only in order to get help for the victim.

This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds the Applicant did not meet his burden of proving trial counsel failed to interview or present witnesses. Trial counsel testified he spoke to several witnesses but that their testimony would not have been beneficial to the defense case. Regardless, as these alleged witnesses did not testify at the evidentiary hearing, this Court finds that any discussion regarding what they would have testified about at trial is purely speculative. See Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have objected to the inclusion of jurors 56 and 202 on the jury. This Court finds the Applicant failed to articulate a compelling reason why these jurors should not have been included on his jury. This Court notes the Applicant has failed to produce any testimony from these jurors that their deliberations on his case were influenced by having an attorney as a family member. See id.

This Court finds the Applicant failed to meet his burden of proving trial counsel should not have made this statement during opening argument: "There's

no question that initially my client when he got out of his car went and looked at the victim and took off and ran." (Trial transcript, p. 41, lines 15-17). Trial counsel testified, however, that the defense strategy at trial was to argue that the Applicant never left the scene when he ran to get help for the victim. This strategy was made clear in the sentences of opening argument that immediately follow the one complained of by the Applicant. Trial counsel tells the jury that the Applicant never left the scene of the accident. (Trial transcript, p. 4l, lines 18-23). This Court finds, therefore, that trial counsel's comment in opening argument was merely strategic in nature. See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 224-228. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.

Petitioner, represented by Elizabeth A. Franklin-Best, Esquire, of the South Carolina

Commission on Indigent Defense, filed a Petition for Writ of Certiorari, dated May 12, 2011.

ECF No. 23-7.  The sole issue presented, quoted verbatim, was: "Whether trial counsel rendered ineffective assistance of counsel when he conceded that petitioner left the scene of the crime during opening argument and when such admission relieved the state of its burden of proof to find petitioner guilty beyond a reasonable doubt?"  *Id.* at 3.   The State filed a Return to the Petition for Writ of Certiorari on July 27, 2011.  ECF No.  23-8. The South Carolina Supreme Court issued an Order on October 3, 2012 denying the Petition.  ECF No. 23-9. The Remittitur was issued on October 22, 2012. ECF No. 23-10.  Petitioner filed his habeas Petition on July 1, 2013.  ECF No. 1.

III.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

IV.     Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Did the trial court err in refusing to declare a mistrial where the solicitor deliberately elicited testimony that Petitioner was observed by police in an area where "where illegal narcotic activity was prevalent.["]
>
> Supporting facts:  Petitioner, a young Mexican male, was in this country illegally at the time of the fatal automobile accident.  The jury would not be allowed to hear that irrelevant fact so the solicitor elicited from a county police officer that prior to the accident he observed Petitioner in a portion of Greenville known for "a lot of illegal narcotic activity."
>
> GROUND TWO:   Whether trial counsel rendered ineffective assistance of counsel when he conceded that Petitioner left the scene of the crime during opening argument and when such argument/admission relieved the State of its burden of proof to find Petitioner guilty beyond a reasonable doubt.
>
> Supporting facts: During opening remarks Petitioner's attorney stated: "ladies and gentlemen of the jury, most things in this case have already been stipulated to or in agreement.  There is no question there was an accident.  There is no question someone died as a result of it.  There's no question that initially my client when he got out of his car went and looked at the victim and took off and ran."

ECF No. 1 at 5-6.

B.  Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 399 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state

courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only

those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 496-97. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman*, 501 U.S. at 752-53; *Murray v. Carrier*, 477 U.S. at 488-89. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 503-506. To show actual prejudice, the petitioner must demonstrate more than plain error.

V.    Analysis

A federal court may issue a writ of habeas corpus on claims adjudicated on their merits in state court only if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  28 U.S.C. § 2254(d); *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007) (internal quotation marks omitted).  "A state court's decision is contrary to clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at' an opposite result." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  Stated differently, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,'" a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

A.  Merits

1.    Ground One:  Trial court refusing to declare mistrial

Petitioner alleges that the trial court erred when it refused to declare a mistrial based on improper witness testimony elicited by the solicitor.  ECF No. 1 at 5.  Respondent contends that this "allegation fails to state a claim upon which federal habeas corpus relief may be granted because [Petitioner] is merely complaining about the trial judge's suppose abuse of discretion in a state law evidentiary ruling."  ECF No. 23 at 7.  Respondent argues that the "failure to grant a mistrial was the only issue raised on appeal [and] Appellate counsel did not raise any

constitutional claim." *Id.* at 8. In response, Petitioner argues that a state law claim may be heard in federal habeas petitions when such claim "encompasses substantial rights and offends due process." ECF No. 34 at 6. Petitioner argues that the solicitor "deliberately elicited improper testimony sufficiently prejudicial to be considered a fundamental miscarriage of justice where it so infected the jury as to deny Petitioner a fair trial [sic] guaranteed by the Sixth Amendment and affected [predetermined] the outcome of the trial." *Id.*

The undersigned has reviewed Petitioner's appellate brief that presented the issue of the trial court's refusal to declare a mistrial and the South Carolina Court of Appeals order of dismissal, and notes that Petitioner's arguments, as well as the order of dismissal, are based solely on South Carolina law. *See* ECF No. 23-3 at 6-7. As Petitioner's appeal complained about a purported violation of state law, the undersigned finds that federal habeas relief is not available *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."). To the extent Petitioner is arguing that the denial of trial counsel's motion for mistrial violated his due process rights and denied him the right to a fair trial, the undersigned finds that such claims were not raised before and/or ruled on by the South Carolina appellate courts, therefore, this issue is procedurally barred from federal habeas review. *See Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999); *see also* S.C. Code Ann. § 17–27–90, –45; *Aice v. State*, 409 S.E.2d 392, 394 (S.C.1991); S.C. App. Ct. R. 203(d)(3), 243.

Federal habeas review of these defaulted federal claims is barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause ordinarily turns upon a showing of an objective

factor external to the defense which impeded counsel or Petitioner's compliance with the state procedural rule. *Murray v. Carrier*, 477 U.S. at 488. The undersigned has reviewed the record and finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Petitioner has also not argued that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). The undersigned therefore recommends that Respondent's Motion for Summary Judgment be granted as to Ground One of Petitioner's habeas Petition.

2. Ground Two: Ineffective Assistance of Counsel

Petitioner contends that his trial counsel was ineffective when he conceded in his opening statement that Petitioner left the scene thereby "relieving the State of its burden of proof to find Petitioner guilty beyond a reasonable doubt." ECF No. 1 at 6. Respondent argues that he should be granted summary judgment on this claim because Petitioner cannot show that the PCR court's ruling that Petitioner did not establish that his trial counsel provided ineffective assistance of counsel was "contrary to" and involved an "'unreasonable application of' clearly established United States Supreme Court precedent." ECF No. 23 at 9. Petitioner contends that:

> The PCR court improperly applied the facts of this case under the *Strickland* context where counsel admitted he not only made the prejudicial comment that nullified and shifted the State's burden of proof to the Petitioner, counsel also admitted he failed to explain to the jury that Petitioner did not leave the scene, but simply sought help next door, App. 209.

ECF No. 34 at 8. Petitioner argues that the PCR court's finding that counsel's statement was a tactical decision is not objectively reasonable based on the factual record that was before the PCR court. *Id.* at 9. Petitioner further contends that trial counsel's representation "fell below an

objectionable standard of reasonableness" and Petitioner contends he was prejudiced by his counsel "conceding guilt." *Id.* at 9.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

During the PCR hearing, Petitioner testified that trial counsel's opening statement hurt his case because he admitted Petitioner left the scene and he did not explain to the jury that the reason Petitioner left the scene was to get help for the victim. App. 209. Trial counsel's opening, quoted in pertinent part, stated:

> Ladies and Gentlemen of the jury, most things in this case have already been stipulated to or in agreement. There is no question there was an accident. There's no question that someone died as a result of it. There's no question that initially my client when he got out of his car went and looked at the victim and took off and ran. The issue we are deciding is whether he left the scene. The scene would be something that we'll talk about after you have heard the testimony. My client never left the scene. He was apprehended at the scene. The crime would take the actual departure from that area. . . . The testimony is not going to be greatly different. But one of the issues that we're focusing on is where was Rafael when he was apprehended. All the other issues have been disposed of. My client has accepted responsibility for the accident and his conduct in the accident. The only question is this one little piece, this one little charge that's outstanding. That's what you will be determining. I thank you very much.

App. 41-42.

At the PCR hearing, trial counsel testified that his theory of the case involved the definition of the accident scene and arguing Petitioner was found close to the accident. App. 213-214. Trial counsel admitted that he stated during his opening statement that Petitioner ran from the scene of the accident, and to deny that fact "would take away from the credibility of the position that [Petitioner] hadn't left the scene, that he had been there before he left the scene." App. 216.[3]

The PCR court found that Petitioner failed to "meet his burden of proving trial counsel should not" have stated during the opening statements that Petitioner got out of his car, looked at the victim, and then took off running. App. 227. The PCR court found that this statement was part of trial counsel's strategy to show that Petitioner did not leave the scene when he ran, as this strategy was made clear in the "sentences of opening argument that immediately follow the one complained of by [Petitioner when] trial counsel tells the jury that [Petitioner] never left the scene of the accident." *Id.*

The undersigned has reviewed the record before the court and finds that the PCR court's finding that Petitioner failed to prove that his trial counsel "failed to render effective assistance under prevailing professional norms" was supported by the record, and the decision was not contrary to, nor an unreasonable application of, clearly established federal law under 28 U.S.C. §2254(d)(1). The undersigned therefore recommends that Ground Two be dismissed.

VI.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the undersigned

---

[3] Trial counsel testified that he discussed with Petitioner whether he was running to a church and had talked to the people at the church, but "[t]here was some problem that – with that. It wasn't – the theory that he was running to get help to that location didn't pan out." App. 217.

recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

March 31, 2014                                          Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**